**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CITY OF LOS ANGELES, a municipal corporation, | No.    15-56157 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-09007-ODW-RZ |
| v. | |
| WELLS FARGO & COMPANY; WELLS FARGO BANK, N.A., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted May 17, 2017
Seattle, Washington

Before:  HAWKINS, GOULD, and PAEZ, Circuit Judges.

The City of Los Angeles ("City")  appeals the district court's order granting

summary judgment to Wells Fargo & Co. and Wells Fargo Bank (collectively,

"Wells Fargo") on its claims that Wells Fargo violated the Fair Housing Act

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

("FHA") and was unjustly enriched. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's grant of summary judgment. *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011). We must determine, viewing the evidence in the light most favorable to the City, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).

1.      The district court did not err in granting summary judgment to Wells Fargo because the City did not show a discriminatory loan during the limitations period. The City sued under § 3605(a) of the FHA, which makes it unlawful for financial institutions like Wells Fargo "to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race [or] color." 42 U.S.C. § 3605(a). The City sued under both disparate impact and disparate treatment theories of discrimination, but focused on, and presented evidence almost exclusively to support, disparate impact.

To make out a prima facie case of disparate impact under the FHA, the City must show both a statistical disparity and a policy or policies that caused the disparity. *Tex. Dep't of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, 135

S. Ct. 2507, 2523 (2015). The causal link between the policy and disparity must be "robust." *Id.* "A plaintiff who fails to . . . demonstrat[e] a causal connection cannot make out a prima facie case of disparate impact." *Id.*

Setting aside whether the City showed a statistical racial disparity, the City failed to show a "robust" causal connection between any disparity and a facially-neutral Wells Fargo policy. *Id.* The City identified three facially-neutral policies which it alleged resulted in a disparity: (1) Wells Fargo's compensation scheme provided incentives for its loan officers to issue higher-amount loans, (2) Wells Fargo's marketing targeted low-income borrowers, and (3) Wells Fargo failed to adequately monitor its loans for disparities. The City failed to demonstrate how the first two policies were causally connected in a "robust" way to the racial disparity, as they would affect borrowers equally regardless of race, and the third is not a policy at all. Because the City did not raise a genuine issue of material fact as to a policy with a robust casual connection to any racial disparity, summary judgment on the FHA claim was warranted.

**3.** The district court also did not err in granting summary judgment on the City's unjust enrichment claim. Under California law, unjust enrichment "may be awarded where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct." *Durell v. Sharp Healthcare*, 108 Cal. Rptr. 3d 682,

3

699 (Ct. App. 2010). The City's injuries—lost tax revenue and increased spending on services—did not confer a benefit upon Wells Fargo, and accordingly the City did not show a genuine issue of triable fact as to unjust enrichment.

**4.** We need not address any other errors in the district court's summary judgment, nor Wells Fargo's alternative argument that we should affirm on the basis of the zone of interests test.

AFFIRMED.